UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 05-61838-CIV-COOKE/BROWN

CHANEL, INC., a New York Corporation,

        *Plaintiff*,

v.

APRIL FRENCH d/b/a APRILFRENCH222
d/b/a LUXURYLOCS.NET d/b/a
LUXURYBAGS.ORG d/b/a LUXURY
LOCS d/b/a APRIL POINDEXTER,

        *Defendants*.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon the Plaintiff, Chanel Inc.'s, Motion for Final Default Judgment with Memorandum of Law in Support Therefof Against Defendant April French a/k/a April Pointdexter [**DE 12**], filed September 15, 2006.

### Background

The Plaintiff, Chanel Inc., is a corporate entity duly organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.  Chanel designs and markets a wide range of leather goods, including handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, cosmetic bags sold empty, briefcase-type portfolios, attaché cases, purses, suitcases, sunglasses, and other goods which are sold throughout the United States and worldwide.

Chanel is the owner of the following trademarks, which are the subject of the following United States Federal Trademark Registrations (the "Chanel Marks"):

| MARK | REG. NO. | REG. DATE |
|---|---|---|
| CC MONOGRAM | 1,734,822 | November 24, 1992 |

| | | |
|---|---|---|
| CC MONOGRAM | 1,314,511 | January 5, 1985 |
| CC MONOGRAM | 1,654,252 | August 20, 1991 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,510,757 | November 1, 1988 |

These marks are registered in International Class 9 and 18 and are used in connection with the manufacture and distribution of products that Channel designs and markets. Hahn Decl. ¶ 5 (Exhibit C to DE 12).  Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States, associating them with handbags, sunglasses and other goods, and has carefully monitored and policed the use of the Chanel Marks.  As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks as being high quality merchandise sponsored and approved by Chanel. Id. ¶¶ 6-7.  The Chanel Marks qualify as "famous marks" as that term is used in 15 U.S.C. § 1125(c) (1), and have achieved a secondary meaning as identifiers of high quality products, including handbags and sunglasses. Id. ¶¶ 6-7.  Chanel has never abandoned these trademarks. Id. ¶ 7.  Nor has Chanel ever assigned or licensed them to the Defendant, April French.  Hahn Decl. ¶ 9.

By default, the Defendant, April French, has admitted that she is an individual who was doing business in this Judicial District during the time period relevant to this action.  French owned and operated Internet Websites under the domain names "LuxuryBags.org" and "Luxurylocs.net," used the aliases "April Poindexter," "Luxury Locs," and "AprilFrench222," and was the active, conscious, and dominant force behind the sale of handbags and sunglasses bearing counterfeits of the Chanel Marks.  See Complaint; see also Hahn Decl. ¶¶ 10.

On December 1, 2005, Chanel initiated this Action against April French for Federal Trademark Counterfeiting and Infringement (Count I), Federal False Designation of Origin (Count II), Trademark Dilution (Count III), and Common Law Unfair Competition (Count IV). *See* DE 1. French was served with the Summons and Complaint, via personal service, on December 12, 2005. *See* DE 6. Accordingly, French was required to answer the Complaint within twenty days of December 12, 2005. As of the date of this Order, however, French has failed to appear in this Case altogether. Chanel filed its Request for and obtained a Clerk's Entry of Default against French on January 5, 2006.[1] *See* DEs 7 & 8.

## The Legal Backdrop

A defendant in default admits the plaintiff's well-pled factual allegations in the complaint, thereby assuming liability. *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir.1987). Once liability has been established, a district court need then assess damages. *See Ortiz-Gonzalez v. Fonovisa,* 277 F.3d 59, 62-63 (1st Cir.2002); *Arista Records, Inc. v. Beker Enter., Inc.,* 298 F.Supp.2d 1310, 1312 (S.D.Fla.2003); *Tiffany v. Luban,* 282 F.Supp.2d 123, 124 (S.D.N.Y.2003).

"Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and The Klan,* 777 F.2d 1538, 1544 (11th Cir.1985); *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir.1979); *Rolex Watch, USA, Inc. v. Brown,* 2002 WL 1226863, *2 (S.D.N.Y. 2002) (finding that where "the issue is statutory damages," the court can hold an inquest into damages "on a paper record" rather than through an

---

[1] The Court notes that Chanel has verified that French is not in the military, not an infant, and not incompetent. *See* Gaffigan Decl. ¶ 7 (Exhibit A to DE 12) and J. Holmes Decl. ¶ 6 (Exhibit B to DE 12). Chanel has also verified that French now resides at 5239 Browning Way SW, Lilburn Georgia 30047. *See* J. Holmes Decl. ¶ 7.

in-person court hearing). Whether liability is found by default or otherwise, the Lanham Act authorizes awards of monetary damages, permanent injunctive relief, and the recovery of attorney fees and costs. *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp.2d 161 (S.D.N.Y. 1999); *Playboy Enters., Inc. v. Asiafocus Int'l, Inc.*, 1998 U.S. Dist. Lexis 10359 (E.D. Va. 1998).

Furthermore, 15 U.S.C. § 1117(c), allows a Plaintiff to elect to recover statutory damages in lieu of compensatory and punitive damages—for non-willful violations, "not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed," and for willful violations, "not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed."[2] Statutory damages are apropos when an infringer's nondisclosure of pertinent facts—such as with default—leaves damages uncertain. *See Sara Lee Corp.*, 36 F.Supp.2d at 165-66. The Court has wide discretion to set an amount of statutory damages. *Sara Lee Corp.*, 36 F.Supp.2d at 166-67 (collecting cases, analogizing the Copyright Act statutory damages, and describing breadth of court's discretion in awarding statutory damages under the Lanham Act); *see also Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 852 (11th Cir. 1990) (concluding that the court's discretion in setting the amount of copyright statutory damages is "wide, constrained only by the specified maxima and minima."); *Macklin v. Mueck*, 2005 U.S. Dist. LEXIS 18026 (S.D. Fla. January 24, 2005) (increasing an award to that of maximum statutory damages where copyright infringement was willful). A finding of willful infringement—violative conduct that the defendant knew to be improper and done in bad faith—justifies an award of heightened damages and attorneys' fees. *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1476

---

[2] "While § 1117(c) looks to compensatory considerations (e.g., actual losses and trademark value), it also looks to punitive considerations (e.g., deterrence of other infringers and redress of wrongful defense conduct)." *Sara Lee Corp.*, 36 F.Supp.2d at 165.

(11th Cir. 1991).

## Findings of Fact and Conclusions of Law

A hearing in the instant action is unnecessary to determine damages as the Plaintiff seeks statutory damages and has attached detailed affidavits with accompanying documentary evidence to its Motion for Final Default Judgment.  The Plaintiff has presented evidence, uncontroverted by the Defendant, that Defendant French distributed, sold, and/or otherwise traded in counterfeit Chanel handbags, sunglasses, and other goods.  French's admissions by default, and the papers filed in support of the Plaintiff's Motion for Final Default Judgment establish the following facts:

(1) French stated to potential buyers that she was the owner of the counterfeit handbag and sunglass products at issue.  Hahn Decl. ¶¶ 9-10; R. Holmes Decl. ¶ 4 (Exhibit D to DE 12).

(2) French owned and operated an online business which advertised, offered for sale, and/or sold handbags and sunglasses bearing counterfeits of the Chanel Marks using the domain name "LuxuryBags.org."  Hahn Decl. ¶ 9; *see also* Exhibit E to DE 12 (provides a sampling of the Internet website, LuxuryBags.org, operated by French, reflecting the sale of counterfeit Chanel handbags).

(3) The handbags and sunglasses sold by French are in fact counterfeit. *See* Hahn Decl. ¶ 14; *see also* R. Holmes Decl. ¶ 9.

(4) French does not have, nor has she ever had, the required permission to use the Chanel Marks. *See* Hahn Decl. ¶ 9.

By virtue of Defendant French's default, and upon affirmative, supporting affidavits submitted by Plaintiff Chanel, the well-pled factual allegations in Chanel's Complaint are taken as genuine admissions by the Defendant.  French's failure to respond to the Complaint, therefore, establishes her liability on the claims in this action—generally that Defendant French

misappropriated Chanel's intellectual property and improperly traded upon Chanel's goodwill by selling items bearing marks identical to trademarks registered to Chanel.

The question that remains, then, is whether the Defendant's infringement was willful. The Plaintiff's affidavits and other supporting documents establish that Defendant French is a willful counterfeiter. On September 16, 2005, prior to filing the instant suit, Chanel delivered a cease and desist letter by certified mail and electronic mail to French regarding her unlawful activity of selling products bearing counterfeit Chanel Marks. Oka Decl. ¶ 7 (Exhibit F to DE 12) and Exhibit F.1. French responded three times on September 16, 2005, by electronic mail. Oka Decl. ¶ 8-9. In the first electronic message, French stated that she no longer offered Chanel products for sale. Oka Decl. ¶ 8 and Exhibit F.2. In her second electronic response, French asked how "other sites are able to sell these same bags without any problem," Oka Decl. ¶ 8 and Exhibit F.3. In her third response, the Defendant included "Disclaimer Information," essentially confirming that she was selling "replicas" of designer products. Oka Decl. ¶ 8 and Exhibit F.4.

Furthermore, on at least September 21, 2005, and October 17, 2005, Defendant French—after being advised by Chanel that she was selling products bearing counterfeit Chanel Marks, and claiming that she no longer offered counterfeit Chanel products for sale—continued selling Chanel counterfeits under the alias "LuxuryBags.org." Oka Decl. ¶¶ 8-9 and Exhibits F.2, F.5, and E. The Court, on December 19, 2006, conducted an independent review of the website "LuxuryBags.org," and found that by then, albeit counterfeit Chanel bags had been removed from the website, the Defendant, regarding other designers, continued to claim, "Our replica handbags are identical to the original designer bags in every way *including all the correct markings*." This comment alone highlights Defendant French's complete lack of respect and disregard for the law and the intellectual property rights of others. Defendant French is the quintessential example of a willful infringer who refuses even to participate in her own defense.

As Defendant French has refused participation in this Matter, the Court must determine damages based on the Plaintiff's detailed affidavits and supporting documents evidencing infringement. The available evidence demonstrates that French distributed, advertised, offered for sale, and/or sold at least two types of goods, specifically handbags and sunglasses, in multiple styles, bearing counterfeits of Chanel's seven federally registered marks for the same types of goods. *See* Exhibit E. For example, on September 16, 2005, Defendant French, via LuxuryBags.org, was offering for sale 21 different styles of handbags bearing the Chanel Marks priced between $120.00 and $220.00 each, and 5 different styles of sunglasses bearing the Chanel Marks priced between $54.00 and $65.00. *Id*. A review of the Defendant's same website as it appeared on September 21, 2005, revealed that French was again offering for sale 21 different styles of handbags bearing the Chanel Marks priced between $120.00 and $220.00 each, and 5 different styles of sunglasses bearing the Chanel Marks priced between $54.00 and $65.00 each.[3] *Id*. If the Court takes handbags and sunglasses as two different types of goods, and there are seven different trademarks at issue being used with both types of goods, then the Plaintiff has committed, apropos this suit, fourteen willful trademark violations under 15 U.S.C. § 1117(c). The Court has wide discretion to award the Plaintiff up to $1,000,000 per willful violation, exposing the Defendant to a potential $14 million in statutory damages.

Accordingly, the Court, having considered the Plaintiff's Motion, the pertinent portions of the record, and being otherwise advised fully in the premises, hereby

---

[3] The Defendant's website through which she has been engaging in unlawful trademark infringement, LuxuryBags.org, was registered on April 21, 2005. *See* DE 12 at 10. Defendant French was served with the Complaint in this Matter on December 12, 2005. *See* DE 6  If the Defendant began selling counterfeit Chanel products upon registration of the website and continued until being served with the Complaint, then her violations persisted for about eight months. Without any contrary information from the Defendant, the Court must take this approach as the most reasonable for calculating the duration of the willful infringement.

**ORDERS AND ADJUDGES** as follows:

1. Defendant April French is liable on all Counts in the Complaint.

2. Defendant April French a/k/a April Poindexter and her respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation therewith are hereby restrained and enjoined from intentionally and/or knowingly: (a) manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing Chanel's registered marks CHANEL and CC MONOGRAM as identified in the Complaint, (the "Chanel Marks"); (b) using the Chanel Marks in connection with the sale of any unauthorized goods; (c) using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; (d) falsely representing themselves as being connected with Chanel, through sponsorship or association; (e) engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendant, are in any way endorsed by, approved by, and/or associated with Chanel; (f) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant including, without limitation, handbags and sunglasses; (g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendant's goods as being those of Chanel, or in any way endorsed by Chanel; (h) offering such goods in commerce and otherwise unfairly competing with Chanel; (i) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of

all unauthorized products which infringe the Chanel Marks; and (j) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

     2.     Pursuant to 15 U.S.C. § 1117(c), Chanel is awarded statutory damages in the amount of twenty thousand dollars ($20,000) per violation for each of the fourteen violations, totaling two-hundred-eighty thousand dollars ($280,000), for which let execution issue.

     3.     Pursuant to 15 U.S.C. § 1117(b), Chanel is awarded its attorney's fees of three thousand dollars ($3,000), for which let execution issue.

     4.     Pursuant to 15 U.S.C. § 1117(b), Chanel is awarded its investigative fees of seven hundred ninety-nine dollars and ninety-nine cents ($799.99), for which let execution issue;

     5.     Pursuant to 15 U.S.C. § 1117(b) Chanel is awarded its costs of three hundred and five dollars ($305.00), for which let execution issue.

     6.     The Clerk shall **CLOSE** this case.  All pending motions are **DENIED** *as moot*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of December, 2006.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge


Copies provided to:
*Magistrate Judge Stephen T. Brown*
*Counsel of Record*
*April French*